UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHERINE M. DOUGLAS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:22-cv-06358 |
| BSI FINANCIAL SERVICES INC., and EXPERIAN INFORMATION SOLUTIONS, INC., | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

**NOW COMES** Catherine M. Douglas ("Plaintiff"), by and through her undersigned attorney, complaining of BSI Financial Services, Inc. ("BSI") and Experian Information Solutions, Inc.("Experian") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as Plaintiff is domiciled in the Northern District of Illinois and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of Illinois.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### PARTIES

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in the Northern District of Illinois.

6. BSI is a Delaware corporation with its principal place of business in Texas. BSI is a foreign company and a creditor, lender, debt collector, and servicer of mortgage loans across the country, qualified to do business in the State of Illinois. BSI is a furnisher of information to the major credit reporting agencies, including Experian.

7. Experian is a consumer reporting agency that maintains credit information on millions of consumers and U.S. businesses. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

### FACTS SUPPORTING CAUSE OF ACTION

8. In April 2020, Plaintiff and BSI reached an agreement for an outstanding mortgage loan owed to BSI by Plaintiff ("subject debt").

9. Per the agreement, the subject debt was waived and released by BSI and Plaintiff was no longer obligated to pay the subject debt to BSI. Moreover, BSI was required to delete the BSI tradeline from Plaintiff's credit reports.

10. Despite waiving and releasing the subject debt as agreed, BSI continued to report the subject debt on her Experian consumer credit reports.

11. Consequently, on September 29, 2022, Plaintiff initiated written credit disputes with Experian. Plaintiff informed Experian that: "This account was settled and that BSI is to delete tradlines for this loan to any credit bureaus."

12. Plaintiff's dispute letter specifically requested Experian to: "investigate this account and contact BSI directly to correct their inaccurate reporting."

13. Upon information and belief, BSI received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with Experian. *See* 15 U.S. Code §1681i(a)(2).

14. By October 20, 2022, Defendants failed to reasonably investigate Plaintiff's credit dispute. In spite of the fact that the subject debt was waived, and despite having actual knowledge that Plaintiff had reached an agreement with BSI to delete the tradeline from her credit files, BSI continued to report the subject debt on Plaintiff's Experian consumer credit file.

15. The reporting of the BSI tradeline is patently inaccurate and materially misleading because despite the agreement between Plaintiff and BSI, BSI continued to report the subject debt to Plaintiff's consumer credit file.

16. Any reasonable investigation engaged by Defendants would and should have revealed the materially misleading nature of the information on Plaintiff's consumer credit reports.

17. Defendants' materially misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared her creditworthiness was in jeopardy.

18. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future.

**DAMAGES**

19. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the BSI tradeline has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations, and is thus a high-risk consumer.

20. Due to Defendants' materially misleading reporting of the subject debt, Plaintiff was forced to purchase a credit report and credit monitoring service, thus incurring out of pocket expenses.

21. Additionally, in an effort to remedy the continued inaccurate and incomplete reporting of the subject debt and to validate the accuracy of Defendants' credit reporting, Plaintiff purchased a Credit Report and Score for $19.95.

22. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

23. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the purchase of her credit reports, decreased credit score, tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

24. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in her Experian credit file.

**COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
(AGAINST BSI)

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

27. BSI is a "person" as defined by 15 U.S.C. §1681a(b).

28. BSI is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

29. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

30. BSI violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian and Plaintiff.

31. BSI violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

32. Had BSI reviewed the information provided by Experian and Plaintiff, it would have corrected the inaccurate designation of the subject debt, and transmitted the correct information to Experian. Instead, BSI wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

33. BSI violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Experian.

34. BSI violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject debt.

35. BSI violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Experian credit file.

36. BSI failed to conduct a reasonable investigation of its reporting of the subject debt, record that the information was disputed, or delete the inaccurate information from Plaintiff's Experian credit files within 30 days of receiving notice of the disputes from Experian under 15 U.S.C. §1681i(a)(1).

37. Despite the blatantly obvious errors in Plaintiff's Experian credit files, and Plaintiff's efforts to correct the errors, BSI did not correct the errors or tradeline to report accurately. Instead, BSI wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

38. A reasonable investigation by BSI would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Experian credit file.

39. Had BSI taken steps to investigate Plaintiff's valid disputes or Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

40. By deviating from the standards established by the debt collection industry and the FCRA, BSI acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

**WHEREFORE**, Plaintiff, CATHERINE M. DOUGLAS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing Discover to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

41. Plaintiff restate and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

43. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

44. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

45. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

46. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

47. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

48. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

7

49. Plaintiff provided Experian with all relevant information in her request for investigation to reflect that he had no obligation on the subject debt and that the BSI tradline should be deleted.

50. Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by not only reporting the subject debt, but also failing to delete the tradeline.

51. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

52. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

53. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to BSI. Upon information and belief, Experian also failed to include all relevant information as part of the notice to BSI regarding Plaintiff's dispute that Experian received from Plaintiff.

54. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

55. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

56. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from BSI that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

57. Experian knew that the inaccurate reporting of the subject debt would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

58. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

59. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Experian readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

60. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

61. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

62. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

63. Experian acted reprehensively and carelessly by reporting and re-reporting the subject debt after Plaintiff put Experian on notice that the tradeline was to be deleted.

64. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

65. As stated above, Plaintiff was severely harmed by Experian's conduct.

**WHEREFORE**, Plaintiff, CATHERINE M. DOUGLAS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Date: November 14, 2022     Respectfully submitted,

*/s/ Marwan R. Daher*
Marwan Rocco Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*